UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KIRBY OWEN BURNETT                                                                  PETITIONER
ADC # 85918

VS.                                  4:19-CV-00890-KGB/JTR

DEXTER PAYNE, Director,
Arkansas Department of Correction                                                  RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. BACKGROUND

Pending before the Court is a § 2254 habeas Petition and Amended Petition filed by Petitioner Kirby Owen Burnett ("Burnett"), who is incarcerated at the Arkansas Department of Correction's Ouachita River Unit. Burnett challenges a forty-year sentence imposed approximately twenty-three years ago, in 1997, in *State*

1

*v. Burnett*, Pulaski County Circuit Court Case No. 60CR-97-978 (hereinafter, the "state court case"). *Doc. 7 at pp. 2, 16;*

On August 18, 2005, Burnett filed a § 2254 habeas action challenging his conviction in the same state court case. *See Burnett v. Norris*, Eastern District of Arkansas Case No. 5:05-cv-00238-JFF. On November 7, 2005, Burnett's § 2254 petition was dismissed, with prejudice, because it was filed over five years too late. *Id. at Doc. 21*, p. 7.

On December 11, 2019, Burnett filed the § 2254 habeas Petition now pending before this Court. *Doc. 1*. On December 30, 2019, he filed an Amended Petition. *Doc. 7*. While Burnett's claims are difficult to decipher, all of his claims appear to challenge the length of the sentence he is now serving. This appears to be a *new claim*, that he failed to assert in his previous federal habeas action. *Before* Burnett can pursue a "second or successive" habeas action, he must first obtain the required authorization from the Eighth Circuit Court of Appeals.

## II. DISCUSSION

After conducting the required initial review of a § 2254 habeas Petition, a federal court must summarily deny relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing § 2254 Cases in United States District Courts; 28 U.S.C. § 2243. As part of this initial review, a federal court is also obligated to decide whether it has subject

matter jurisdiction. *See Northport Health Servs. v. Rutherford*, 605 F.3d 483, 490 (8th Cir. 2010) ("federal courts are obligated to consider lack of subject matter jurisdiction *sua sponte*").

A new claim presented in a second or successive § 2254 habeas petition must be dismissed unless it is first authorized by the appropriate Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007) (absent prior authorization, district court lacks jurisdiction to entertain a "second or successive" § 2254 habeas petition).

Because Burnett failed to obtain the required authorization from the Eighth Circuit, *before* filing this second or successive habeas action, this Court lacks jurisdiction over his newly asserted habeas claims.

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.   All claims asserted in Petitioner Burnett's 28 U.S.C. § 2254 Petition and Amended Petition, *Docs. 1 & 7*, be DENIED, and this case be DISMISSED, WITHOUT PREJUDICE; and

2.      A Certificate of Appealability be denied.  28 U.S.C. § 2253(c)(1)-(2); Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 3rd day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE